IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Colette Anderson, *on behalf of herself* ) and all others similarly situated, ) | Case No. _____ |
| ) | |
| Plaintiff, ) | **CLASS ACTION COMPLAINT** |
| ) | |
| v. ) | **Jury Trial Demanded** |
| ) | |
| Ray Klein, Inc. dba Professional Credit ) Service, ) | |
| ) | |
| Defendant. _____ ) | |

## NATURE OF ACTION

1.     Plaintiff Colette Anderson ("Plaintiff") brings this alleged class action on behalf of herself and all others similarly situated against Defendant Ray Klein, Inc. dba Professional Credit Service ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this

district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.    Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5.    "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016) (holding deprivation of information under § 1692g was substantive, concrete violation).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6.    Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not

competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7.      In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test."  *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

8.      "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

9.      "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'"  *Stratton v. Portfolio Recovery Associates,*

*LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

10.    Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Macomb, and City of Harrison Township.

11.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.    Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14.    Plaintiff is a natural person allegedly obligated to pay a debt.

15.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal wireless phone services (the "Debt").

16.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17.    Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18.    In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated December 27, 2017.

19.    A true and correct copy of Defendant's December 27, 2017 letter is attached to this complaint as Exhibit A.

20.    The December 27, 2017 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

21.    Defendant's December 27, 2017 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

22.    However, nowhere in Defendant's December 27, 2017 letter does it meaningfully convey the identity of the creditor to whom the debt is owed.

23.    Plaintiff received and read Defendant's December 27, 2017 letter.

24.    Upon reading the letter, Plaintiff was unsure of who the current creditor was.

25.    The only entity other than Defendant mentioned in the letter is Consumer Cellular, who Defendant labeled as the "original creditor."

26.    The letter implies that the original creditor is different than the current creditor, as it uses both terms within the body of the letter.

27.     However, nowhere in Defendant's letter does Defendant disclose who the current creditor is.

28.     Thus, the least sophisticated consumer would also not understand who the current creditor to whom the debt was owed, upon receipt of Defendant's letter.

29.     Defendant's December 27, 2017 letter does not otherwise explain who its "client" is, or give any indication as to the identity of the current creditor.

30.     Therefore, Defendant's December 27, 2017 letter failed to meaningfully convey the name of the creditor to whom the Debt is owed.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff repeats and re-alleges all factual allegations above.

32.     Defendant's December 27, 2017 letter is based on a form or template used by Defendant to send initial collection letters to debtors (the "Template").

33.     The Template fails to meaningfully convey the name of the current creditor to whom the alleged debt is owed, in the same manner as Defendant did with Plaintiff above.

34.     Defendant has used the Template to send collection letters to over 40 individuals in the State of Michigan within the year prior to the filing of the original complaint in this matter.

35.     Plaintiff brings this action on behalf of herself and all others similarly situated.     Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with a Michigan address, to whom Defendant sent a letter based upon the Template, within one year before the date of this complaint, in connection with the collection of a consumer debt.

36.     The proposed class specifically excludes the United States of America, the State of Michigan, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

37.     The class is averred to be so numerous that joinder of members is impracticable.

38.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

39.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

40.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common

questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

41.    Plaintiff's claims are typical of those of the class she seeks to represent.

42.    The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

43.    Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

44.    Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

45.    Plaintiff is willing and prepared to serve this Court and the proposed class.

46.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

47.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

48.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

49.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

50.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

51.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

52.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

53.     Plaintiff repeats and re-alleges each factual allegation above.

54.     A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a

written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

55.     Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

56.     This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

57.     "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016).

58.     "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v.*

*Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

59.     Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to § 1692k(a)(2)(B)(i);

e)  Awarding all other class members such amount as the Court may allow, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f)  Awarding Plaintiff and the class she seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g)  Awarding Plaintiff and the class she seeks to represent, pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

60.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 2, 2018

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674

jpanvini@ThompsonConsumerLaw.com
Attorney for Plaintiff